568 P.2d 419

**STATE of Arizona, Petitioner,**

v.

**Honorable Ben C. BIRDSALL, Judge of the Superior Court of Pima County, State of Arizona, Respondent,**

**and**

**Casimiro F. HERRERA, Real Party in Interest.**

**No. 13089–PR.**

Supreme Court of Arizona, En Banc.

July 15, 1977.

Stephen D. Neely, Pima County Atty. by Paul S. Banales, Deputy County Atty., Tucson, for petitioner.

John M. Neis, Pima County Public Defender by James E. Sherman, Asst. Public Defender, Tucson, for real party in interest.

HAYS, Justice.

We have this matter before us on a petition for review after the Arizona Court of Appeals issued an opinion affirming the acts of the trial judge below. The Court of Appeals opinion is vacated.

The real party in interest, Casimiro Herrera, was indicted by a grand jury in Pima County for first degree burglary. Attached to the indictment and signed by a deputy county attorney (*see* 17 A.R.S. Rules of Criminal Procedure, rule 13.1(a) *infra*)was an allegation of a prior conviction.

After a trial to the court, Herrera was found guilty of the burglary. After the finding, defense counsel moved the court to dismiss the allegation of the prior conviction. The trial judge granted the motion, over the state's objection,

> "for the reason that the court believes it should have discretion in the sentencing in this matter. . . ."

Thereafter, the state filed a special action in the Court of Appeals, requesting that court to hold that, where an allegation of a prior conviction is included in the grand jury indictment, the trial court has no discretion under A.R.S. § 13–1649(C)[1] to dismiss that allegation.

The Court of Appeals did not agree, however, with that proposition, and held instead that the trial court was not bound by the prosecutor's decision to file a prior conviction allegation, regardless of whether it was done in the indictment or added later. The Court of Appeals felt a contrary holding would amount to a denial of equal protection for those whose prior conviction allegations came in the indictment.

In Arizona, the grand jury generally does not have the authority to allege in the indictment a prior conviction.

A.R.S. § 21–401 et seq. deal with county grand juries and therein we find their duties and powers. The definition statute, § 21–401 reads, in pertinent part:

> "In this chapter . . .

> "1. 'Grand jury' means a body of the required number of qualified persons duly convened and impanelled by the presiding judge of the superior court *and sworn to inquire into public offenses* . . . . .

> "2. 'Indictment' means an accusatory statement in writing, presented by the grand jury to the superior court *charging the commission of a public offense* . . . ." (emphasis added).

A.R.S. § 21–407 specifies the duties of grand jurors:

> "A. The grand jurors shall inquire into every *offense* . . . presented to them by the county attorney . . . . .

> "B. If a grand juror knows of or has reason to believe that *an offense* . . . has been committed he shall report such knowledge or belief to the county attorney or . . presiding judge . . . ." (emphasis added).

Additionally, 17 A.R.S. Rules of Criminal Procedure, rule 13.1(a) defines an indictment. It says:

> ". . . An indictment is a written statement *charging the commission of a public offense,* presented to the court by a grand jury, endorsed a 'true bill' and signed by the foreman." (emphasis added).

A.R.S. § 13–1649 is not a public offense; it is a penalty statute and merely enhances punishment. We have held that such a statute does not create a new, separate, distinct, independent or substantive offense. *Valdez v. State of Arizona,* 49 Ariz. 115, 65 P.2d 29 (1937); *State v. Allen,* 111 Ariz. 125, 524 P.2d 502 (1974). Since it is the duty of a grand jury to charge only public offenses, they have no authority to add allegations to the indictment which are

---

1. A.R.S. § 13–1649(C) reads: "The court in its discretion may allow the allegation of a prior conviction at any time prior to trial, provided that when the allegation is filed, the state must make available to the defendant a copy of any material or information obtained concerning the prior conviction."

concerned with punishment, and do not charge a public offense.

We are aware that A.R.S. § 13–1649(B) [2] implies that the grand jury may have the power to allege a prior conviction in the indictment. Such an implied power or authority is inconsistent with the specified duties designated to the grand jury by A.R.S. § 21–401 et seq. and the traditional duties thereof. *State ex rel. Berger v. Myers*, 108 Ariz. 248, 495 P.2d 844 (1972); *Wales v. Tax Commission*, 100 Ariz. 181, 412 P.2d 472 (1966).[3]

 Although we hold that the trial court abused its discretion in dismissing the allegation of prior conviction, it is not for the reason urged by the county attorney. The allegation of prior conviction, although filed contemporaneously with the indictment, was not a part of the indictment. 17 A.R.S. Rules of Criminal Procedure, rule 13.5(a) reads as follows:

"Prior Convictions. The prosecutor may amend an indictment, information or complaint to add an allegation of one or more prior convictions within the time limits of Rule 16.1(b)."

During the time period set forth in the rule, *supra*, the filing of the allegation of prior conviction is solely within the discretion of the prosecutor. Thereafter, when an allegation of prior conviction is filed, the court may exercise its discretion as set forth in A.R.S. § 13–1649(C).

The trial court's order dismissing the allegation of prior conviction is set aside. Remanded for proceedings not inconsistent with the foregoing.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.

2. A.R.S. § 13–1649(B) reads: "The punishments prescribed by this section shall be substituted for those prescribed for a first offense if the previous conviction is charged in the *indictment or information* and admitted or found, by the jury."

3. We are also aware of A.R.S. § 36–1002 through 1002.08, which provide that prior con-

victions of similar drug offense felonies "shall be charged in the indictment or information . . . ." It is clear that the legislature intended the grand jury have the authority to allege prior convictions under these limited statutes and this opinion in no way detracts from that specified power.