644 P.2d 242

STATE of Arizona, Appellant,

v.

Robert E. BARRETT, Appellee.

No. 5460–PR.

Supreme Court of Arizona,
In Banc.

April 16, 1982.

Thomas E. Collins, Maricopa County Atty., Herbert Williams Deputy County Atty., Phoenix, for appellant.

Ross P. Lee, Maricopa County Public Defender, John Foreman, Deputy Public Defender, Phoenix, for appellee.

GORDON, Vice Chief Justice:

Robert E. Barrett filed a petition asking that we review a decision of the Court of Appeals. We accepted review pursuant to Ariz.R.Crim.App.P. 31.19, and we approve and modify the opinion of the Court of Appeals and order the matter remanded to the trial court for resentencing.

The facts giving rise to petitioner's conviction are set out by the Court of Appeals in *State v. Barrett*, 132 Ariz. 106, 644 P.2d 260, No. 1 CA–CR 5004 (1981).

The trial court denied the prosecutor's request to sentence under the enhanced punishment provisions of A.R.S. § 13–604. The Legislature has set out specific and mandatory[1] guidelines for sentencing of repeat offenders or defendants convicted of felonies of a "dangerous nature".[2] See A.R.S. § 13–604. We agree with the Court of Appeals' holding that before a defendant can be sentenced under the enhanced punishment provisions the dangerous nature of the convicted crime must be: (1) charged in the information or indictment; and (2) found to be true by the trier of fact. We clarify this statement, however, because as the language of A.R.S. § 13–604(K) indicates, the trial court may allow, if certain contingencies are met, the allegation of a prior conviction or dangerous nature anytime prior to trial. *State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980); *See also State v. Kelly*, 123 Ariz. 24, 597 P.2d 177 (1979); *State v. Birdsall*, 116 Ariz. 112, 568 P.2d 419 (1977). In fact, in the case of an indictment, the consideration of punishment is not within the purview of the grand jury's charge. "[T]hey [the grand jurors] have no authority to add allegations to the indictment which are concerned with punishment. * * *" *Birdsall*, 116 Ariz. at 113–14, 568 P.2d at 420–21. If charges are brought by indictment, therefore, it becomes necessary for the state to file an allegation of dangerous nature prior to trial.

In the instant case the information[3] contains a reference to A.R.S. § 13–604. This recital of A.R.S. § 13–604 was sufficient to put petitioner on notice that the prosecutor[4] would seek an enhanced sentence. The first requirement of A.R.S. § 13–604(K) has been met.

The second requirement for the invocation of the enhanced punishment provisions is that the dangerous nature must be found to be true by the trier of fact. In *State v. Parker*, 128 Ariz. 97, 624 P.2d 294 (1981), we stated:

"The finding of the dangerous nature of the felony must be submitted to the jury for a separate finding unless an element of the offense charged contains an allegation and requires proof of the dangerous nature of the felony." (Emphasis added.)

*Id.* at 99, 624 P.2d at 296.

The jury in the present case did not make a separate finding as to the dangerous nature of the offense. Nor is the "use or exhibition of a deadly weapon or dangerous instrument"[5] a necessary element of a second degree murder conviction. Therefore, because the jury was only instructed on A.R.S. § 13–1104(A)(1) and (2),[6] the sole issue facing this Court is whether the "intentional or knowing infliction of serious physical injury"[7] is sufficiently inherent in a second degree murder conviction so that it may be said that the trier of fact necessarily found the offense to be of a dangerous nature.

In *State v. Tresize*, 127 Ariz. 571, 623 P.2d 1 (1980), the indictment specifically alleged

1. A.R.S. § 13–604(L): "Intentional failure by the court to impose the mandatory sentences or probation conditions provided in this title shall be deemed to be malfeasance."

2. A.R.S. § 13–604(K): " 'Dangerous nature of the felony' means a felony involving the use or exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury upon another."

3. "Robert Earl Barrett * * * on or about the 10th day of February, 1980, knowing that [his] conduct would cause death, with premeditation caused the death of Fredrick Herbst, in violation of A.R.S. §§ 13–1105, 13–1101, 13–703, 13–301, 13–302, 13–303 and *13–604*." (Emphasis added.)

4. This Court recognizes that the legislature's sentencing scheme leaves to the prosecutor the discretion to allege the dangerous nature of an offense. See *State v. Birdsall*, 116 Ariz. 112, 568 P.2d 419 (1977).

5. See note 2 *supra*.

6. A.R.S. § 13–1104: "Second degree murder; classification

"A. A person commits second degree murder if without premeditation:
"1. Such person intentionally causes the death of another person; or
"2. Knowing that his conduct will cause death or serious physical injury, such person causes the death of another person; * * *."

7. See note 2 *supra*.

armed robbery with a pistol. The court instructed the jury that a conviction for armed robbery required proof of two elements: (1) the defendant committed the robbery; and (2) the defendant or an accomplice was armed with a deadly weapon or used or threatened to use a dangerous instrument. The jury found the defendant guilty of armed robbery. The issue if the defendant in *Tresize* could be sentenced under the enhanced sentencing provisions was considered by this Court. We held that the jury by returning a guilty verdict on the given instructions had necessarily decided the allegation of dangerousness.

The rationale of *Tresize* controls here. It cannot be seriously argued that death does not involve serious physical injury as defined by A.R.S. § 13–105(29). Because the jury in the instant case was instructed on A.R.S. § 13–1104(A)(1) and (2) only,[8] it implicitly found by returning a guilty verdict the dangerousness of the charged offense. Although this decision controls the unusual facts of this case, we suggest that the better practice is for the prosecution to always request a separate form of verdict for dangerous nature in addition to the form of verdict for guilt when it seeks the enhanced punishment provisions of A.R.S. § 13–604. This practice would avoid conjecture and the appeal of sentencing determinations.

We uphold the Court of Appeals' order and remand the case to the trial court for resentencing.

HOLOHAN, C. J., and HAYS, CAMERON and FELDMAN, JJ., concur.

---

**8.** It is noteworthy that the jury was not instructed on A.R.S. § 13–1104(A)(3) under which a person could be convicted of second degree murder if he or she "recklessly engages in conduct which creates a grave risk of death and thereby causes" a death. The allegation of dangerousness and the triggering of the enhanced sentencing provisions require the *inten*tional or *knowing* infliction of serious physical injury. Had the jury also been instructed on A.R.S. § 13–1104(A)(3) and returned a general verdict we could not say that the dangerous nature was inherent in the conviction because proof of recklessness is not proof of intent or knowledge. *See* A.R.S. §§ 13–105(5), 13–202(C).