OPINION
HOWARD, Chief Judge.
Appellant, found guilty by a jury of negligent homicide, a dangerous offense, was sentenced to imprisonment for four years.
He raises two issues on appeal: (1) The issue of the dangerous nature of the crime should not have been submitted to the jury and (2) the trial court abused its discretion in refusing to give additional instructions to the jurors when they requested them. We find no merit in either of these contentions and affirm.
The facts pertinent to this appeal are as follows. Defendant Morales shared a home with, among others, his uncle, the victim, Leonard Peters. At the time of Peters’ death, the victim and the defendant had been arguing and this argument culminated in the victim leaving the house and defendant getting a weapon and following him. The shooting occurred outside of the family home. Several family members had witnessed the fight although not the shooting itself. The police were called and, upon arrival, they observed the victim’s body just outside the front door of the home.
There is little dispute as to the facts. Appellant admitted shooting the victim. *573 He contended, however, that it was either unintentional, in self-defense or accidental. Defendant was charged in the indictment with one count of first-degree murder.[1]
In addition to the indictment for first-degree murder, the Pima County Attorney filed an allegation of the dangerous nature of the offense charged which applied only to any lesser-included offenses of which appellant might be convicted.[2] Appellant, without citing any authority, contends the trial court erred in denying his motion made after the verdict to strike the allegation of dangerous nature. He contends that since no allegation of dangerous nature was made as to the murder charge, the state cannot add such an allegation to any lesser included offenses. We do not agree. The allegation was properly filed and accepted by the court. Rule 13.5, Rules of Criminal Procedure, 17 A.R.S., states:
“c. Defects in Charging Document. No issue concerning a defect in the charging document shall be raised other than by a motion filed in accordance with Rule 16.”
Rule 16.1, Rules of Criminal Procedure, 17 A.R.S., states in pertinent part:
“b. Making of Motions Before Trial. All motions shall be made no later than 20 days prior to the date set for trial____
c. Effect of Failure to Make Motions in Timely Manner. Any motion, defense, objection, or request not timely raised under Rule 16.1(b) shall be precluded, unless the basis therefor was not then known, and by the exercise of reasonable diligence could not then have been known, and the party raises it promptly upon learning of it.”
Defendant made no timely motion pursuant to Rule 16 complaining of any defect in the indictment or in the subsequent allegation of dangerous nature. Defendant has therefore waived his right to complaint of any alleged defect.
However, even if appellant had made a timely motion, his argument that murder in the first degree is a non-dangerous felony is totally without merit. A dangerous offense is defined in A.R.S. § 13-604(K) as follows:
“For the purposes of this subsection, ‘dangerous nature of the felony’ means a felony involving the use or exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury upon another.”
As the Arizona Supreme Court said in State v. Barrett, 132 Ariz. 88, 644 P.2d 242 (1982):
“It cannot be seriously argued that death does not involve serious physical injury as defined by A.R.S. § 13-105(29). Because the jury in the instant case was instructed on A.R.S. § 13-1104(A)(1) and (2) only, it implicitly found by returning a guilty verdict the dangerousness of the charged offense.” 132 Ariz. at 90.
As Barrett involved a charge of second-degree murder, a fortiori a charge of first-degree murder must also include a dangerous offense. Therefore it was not necessary for the county attorney to include the charge of first-degree murder in its allegation of dangerous nature of the offense. The charge of first-degree murder pursu *574 ant to A.R.S. § 13-1105 requires both intent and premeditation and is sufficient notice in itself of the charge of dangerousness. See State v. Tresize, 127 Ariz. 571, 623 P.2d 1 (1980); State v. Bailey, 125 Ariz. 263, 609 P.2d 78 (App.1980).
Appellant’s second contention on appeal is that the trial court abused its discretion in refusing to give additional instructions to the jurors. During the deliberation, a question was sent to the court on a form signed by the jury foreman. The note asked:
“Does the ‘Criminal negligence’ statement simply that the defendant at any time during the confrontation, failed to recognize the risk or only failed to recognize the risk when he shot?” (Emphasis in original)
After conferring with counsel and denying the defense request that the court answer the question by informing them that the operative intent is the intent at the time of the shooting, the court sent the following reply: “The answer to your question is found within the instructions I have already given you. I cannot further instruct you at this time. Please review all the applicable instructions.”[3]
Rule 22.3, Rules of Criminal Procedure, 17 A.R.S., provides for further instructions to the jury at the discretion of the trial court. That rule reads:
“After the jurors have retired to consider their verdict, if they desire to have any testimony repeated, or if they or any party request additional instructions, the court may recall them to the courtroom and order the testimony read or give appropriate additional instructions. The court may also order other testimony read or give other instructions, so as not to give undue prominence to the particular testimony or instructions requested. Such testimony may be read or instructions given only after notice to the parties.”
The very wording of Rule 22.3 places the decision as to whether additional instructions should be given squarely within the discretion of the trial court. The provision that the judge may give additional instruction or have additional testimony read so that undue prominence will not be given to any particular testimony or instruction indicates clearly that it is the trial judge who must decide what instruction is necessary. The jury instruction on criminal negligence was taken from the Recommended Arizona Jury Instruction (Criminal) No. 11.02, which has been adopted by the Arizona Supreme Court and of which the Arizona Supreme Court expresses a qualified approval. The instruction itself is based on the statute for negligent homicide, A.R.S. § 13-1102, and the definition of criminal negligence in A.R.S. § 13-105(5)(d). Appellant did not object to the instructions at the time they were given and the instructions themselves are clear. The trial court judge had presided over the entire trial including the giving of the original instructions and there is no indication that the judge abused his discretion in answering the jury question as he did. See State v. Jones, 6 Ariz.App. 26, 429 P.2d 518 (1967).
Appellant cites Connecticut v. Johnson, 460 U.S. 73, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983), and Sandstrom v. Montana, 442 *575 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), for the proposition that the judge’s failure to specifically answer the question in the way that appellant requested could be considered a shifting of the burden of proof to the defendant. These cases are inapposite. In both Sandstrom and Johnson, the court read an instruction which stated that the court presumed that a person intended the natural and necessary consequences of his actions. No such instruction was read in this ease.
The trial judge acted well within the bounds of his discretion and appellant has shown no prejudice from his action.
Affirmed.
HATHAWAY and BIRDSALL, JJ., concur.

. The indictment stated "The grand jurors of the County of Pima, in the name of the State of Arizona, and by its authority accuse EDWARD ALBERT MORALES and charge that in Pima County: COUNT ONE (FIRST DEGREE MURDER) On or about the 16th day of January, 1982, EDWARD ALBERT MORALES murdered LEONARD ORTEGA PETERS, in violation of A.R.S. §§ 13-1105, 13-1101, and 13-703.”

. The allegation stated as follows: "The County Attorney of County of Pima, in the name of the State of Arizona, and by its authority, pursuant to A.R.S. § 13-604, alleges that in the event the defendant, EDWARD ALBERT MORALES is convicted of any lesser offense included within this charge, that such offense is of a dangerous nature involving the intentional or knowing infliction of serious physical injury upon LEONARD ORTEGA PETERS and/or the use or exhibition of a deadly weapon or dangerous instrument, to-wit: a gun, in violation of A.R.S. § 13-604(F), (G) and (K) and 13-701, 13-702, and 13-803.”

. The trial court gave the following instruction concerning criminal negligence:
"The distinction between manslaughter and negligent homicide is that for manslaughter the defendant must have consciously disregarded a substantial risk that his conduct would cause death, while negligent homicide only requires that the defendant failed to recognize the risk.
The crime of negligent homicide requires proof that the defendant caused the death of another person by criminal negligence.
'Criminal negligence' means that a person fails to recognize a substantial risk that his conduct will result in the death of another person. The risk must be such that the failure to recognize it is a gross deviation from what a reasonable person would do in the situation.
If you determine that the defendant is guilty of either manslaughter or negligent homicide but you have a reasonable doubt as to which it was, you must find the defendant guilty of negligent homicide.”