804 P.2d 754

**STATE of Arizona, Appellee,**

v.

**Robert BURGE, Appellant.**

**No. CR–90–0140–PR.**

Supreme Court of Arizona,
En Banc.

Dec. 18, 1990.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Dennis Staffelbach, Asst. Attys. Gen., Phoenix, for appellee.

Robert F. Arentz, Cochise County Public Defender, James L. Conlogue, Former Deputy Public Defender, Bisbee, for appellant.

OPINION

GORDON, Chief Justice.

Robert Burge (defendant) petitioned for review of the court of appeals' decision

affirming his conviction on two counts of aggravated assault and his sentence on count II.[1] He challenged the court's holding that a separate allegation of dangerousness, while preferred, is not required. We granted review to resolve inconsistencies in this court's prior opinions on how one must allege dangerousness for the purposes of sentence enhancement under A.R.S. § 13–604. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24.

## FACTUAL AND PROCEDURAL BACKGROUND

The Cochise County Grand Jury indicted defendant on two counts of aggravated assault for stabbing a person using a knife with a five- to six-inch blade. The victim received an eighteen- to twenty-inch wound in his stomach and a gaping hole in his back. Count I charged defendant with aggravated assault causing serious physical injury in violation of A.R.S. § 13–1204(A)(1), and count II charged him with aggravated assault using a deadly weapon or dangerous instrument in violation of § 13–1204(A)(2). Both counts mirrored § 13–1204's language and included a citation to § 13–604.[2] Neither count, however, alleged the specific physical injury, deadly weapon, or dangerous instrument involved, and the prosecution made no separate allegation of dangerousness.

The trial jury returned guilty verdicts against defendant on both counts. Prior to the trial court's entry of judgment and sentence, defendant filed a sentencing memorandum challenging the court's authority to sentence him as a dangerous offender. The court, however, found both offenses dangerous pursuant to § 13–604, and sentenced defendant to a mitigated five-year term on each count, both terms to run concurrently.

Defendant then filed a motion to reconsider the sentence, again challenging the court's authority to sentence him as a dangerous offender. The trial court denied the motion and defendant appealed. The court of appeals held that a separate allegation of dangerousness, although preferred, is not required. *State v. Burge*, No. 2 CA–CR 89–0479, slip op. at 3 (Ariz. Ct.App. Apr. 10, 1990) (mem.) (per curiam) (citing *State v. Tresize*, 127 Ariz. 571, 623 P.2d 1 (1980)). We agree.

## DISCUSSION

A.R.S. § 13–604(K) provides that penalties shall be enhanced if, *inter alia,*

*the dangerous nature of the felony ... is charged in the indictment or information* and admitted or found by the trier of fact. The court shall allow the allegation of ... the dangerous nature of the felony ... at any time prior to the date the case is actually tried unless the allegation is filed fewer than twenty days before the case is actually tried and the court finds on the record that the defendant was in fact prejudiced by the untimely filing and states the reasons for these findings.... For the purposes of this subsection, "dangerous nature of the felony" means a felony involving the use or exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury upon another. (Emphasis added.)

1. The court of appeals vacated the sentence on count I and remanded it to the trial court for resentencing because the jury did not specifically find dangerousness. The court affirmed the sentence on count II, despite the lack of a specific jury finding of dangerousness, reasoning that aggravated assault using a deadly weapon or dangerous instrument is necessarily dangerous and an enhanced sentence was therefore proper.

2. The indictment reads:

COUNT I
On or about the 3rd day of March, 1989, BOBBY BURGE, committed an aggravated assault upon [the victim], causing serious physical injury, in violation of A.R.S. §§ 13–1203, 13–1204(A)(1), 13–604, 13–701 and 13–801, [(]a class *3* felony).
COUNT II
On or about the 3rd day of March, 1989, BOBBY BURGE, committed an aggravated assault upon [the victim], using a deadly weapon or dangerous instrument, in violation of A.R.S. §§ 13–1203, 13–1204(A)(2), 13–604, 13–701 and 13–801, (a class *3* felony).

Under this statute, before a defendant may be sentenced under the enhanced punishment provisions, dangerousness must be charged in the information or indictment.[3] *State v. Whitney*, 159 Ariz. 476, 481, 768 P.2d 638, 643 (1989); *State v. Barrett*, 132 Ariz. 88, 89, 644 P.2d 242, 243 (1982); *see State v. Tresize*, 127 Ariz. 571, 574, 623 P.2d 1, 4 (1980).

In this case, the grand jury indictment clearly charged dangerousness by including a citation to § 13–604 in each count. Defendant, however, argues that the rule is well established that the state, not the grand jury, must allege dangerousness to invoke § 13–604's sentence enhancement provisions.[4] For this proposition, defendant cites *Barrett* and *State v. Birdsall*, 116 Ariz. 112, 568 P.2d 419 (1977). In response, the State argues that § 13–604 provides that a sentence will be enhanced if "the dangerous nature of the felony ... *is charged in the indictment* or information...." (Emphasis added). The State also notes that *Tresize* found this requirement was met even though the State did not file a separate allegation of dangerousness or even cite § 13–604.

We first considered this issue in *Birdsall*. In *Birdsall*, a grand jury indicted the defendant for first degree burglary. 116 Ariz. at 113, 568 P.2d at 420. A deputy county attorney attached an allegation of prior conviction to the indictment. After the defendant was found guilty, the trial court dismissed the allegation because it believed it should have discretion in sentencing. The State then filed a special action arguing that the trial court has no discretion to dismiss an allegation included in a grand jury indictment. The court of appeals held that the trial court was not bound by the allegation whether it was in the indictment or added later.

On review, this court held that the trial court abused its discretion in dismissing the allegation of prior conviction. *Id.* at 114, 568 P.2d at 421. We also discussed the role of the grand jury. We stated that because "it is the duty of a grand jury to charge only public offenses," the grand jury has "no authority to add allegations to the indictment which are concerned with punishment, and do not charge a public offense." [5] *Id.* at 113–14, 568 P.2d at 420–21. We acknowledged that former A.R.S. § 13–1649(B) [6] "implies that the grand jury may have the power to allege a prior conviction in the indictment," but stated that this "implied power or authority is inconsistent with the specified duties designated to the grand jury...." *Id.* at 114, 568 P.2d at 421.

We addressed a similar issue only three years later in *Tresize*. The indictment there charged the defendant with "taking or retaining the property while an accomplice was armed with a deadly weapon or used or threatened to use a deadly weapon or dangerous instrument, a pistol...." *Tresize*, 127 Ariz. at 574, 623 P.2d at 4. Although the allegation was made by the grand jury in the indictment rather than by

---

3. The trial court, however, may allow the allegation of dangerousness after the information or indictment at any time prior to trial in cases in which there is no prejudice to the defendant. *State v. Whitney*, 159 Ariz. 476, 481, 768 P.2d 638, 643 (1989); *see State v. Barrett*, 132 Ariz. 88, 89, 644 P.2d 242, 243 (1982). In all cases, the prosecutor has the discretion to allege dangerousness if he does so at least 20 days prior to the day set for trial. *See Whitney*, 159 Ariz. at 481, 768 P.2d at 643 (citing Ariz.R.Crim.P. 16.1).

4. Defendant does not claim that he had no notice that the State was seeking an enhanced sentence. Nor could he make this claim. The recital of § 13–604 in the indictment gives sufficient notice that the State will seek an enhanced sentence. *State v. Littles*, 156 Ariz. 5, 9 n. 5, 749 P.2d 914, 918 n. 5 (1988) (citing *State v. Wag-*

*goner*, 144 Ariz. 237, 239, 697 P.2d 320, 322 (1985)).

5. In reaching this conclusion, we relied on Arizona statutes defining the role of county grand juries. These statutes indicate that the grand jury's role is to inquire into and charge "public offenses." *See* A.R.S. §§ 21–401(1) & (2), 21–407(A) & (B); *see also* Ariz.R.Crim.P. 13.1(a), 17 A.R.S. (defining "indictment").

6. Section 13–1649 was a predecessor to § 13–604. In language substantially similar to the relevant language of § 13–604, former § 13–1649(B) provided: "The punishments prescribed by this section shall be substituted for those prescribed for a first offense if the previous conviction *is charged in the indictment or information....*" (Emphasis added).

the State in a separate allegation, we found that § 13–604's requirements were met because "[t]he indictment alleges the requisite dangerousness." *Id.* We neither discussed nor cited the rule in *Birdsall* that the grand jury lacks authority to add to the indictment allegations concerned only with punishment.

Two years later in *Barrett*, we grappled with the issue yet again. The information there charged the defendant with causing the victim's death with premeditation, and included a citation to § 13–604. In what the State here argues is dictum because *Barrett* involved a defendant charged by information rather than by indictment, we stated:

> "[T]hey [the grand jurors] have no authority to add allegations to the indictment which are concerned with punishment. * * *" *Birdsall*, 116 Ariz. at 113–14, 568 P.2d at 420–21. If charges are brought by indictment, therefore, it becomes necessary for the state to file an allegation of dangerous nature prior to trial.

*Barrett*, 132 Ariz. at 89, 644 P.2d at 243. Although we did discuss *Tresize* in relation to § 13–604's second requirement, that dangerousness must be found to be true by the trier of fact, *see* 132 Ariz. at 89–90, 644 P.2d at 243–44, we did not discuss it in relation to the statute's first requirement, that dangerousness must be charged in the information or indictment.

█ *Birdsall* and *Barrett* are inconsistent with *Tresize.* We now believe that *Birdsall* and *Barrett* were incorrectly decided. *Birdsall* acknowledged that the predecessor to § 13–604 "*implies* that the grand jury may have the power to allege a prior conviction in the indictment," but stated that this implied power is inconsistent with the grand jury's specified duties. 116 Ariz. at 114, 568 P.2d at 421 (emphasis added). *Birdsall* is wrong because § 13–604 does not *imply* that the grand jury has the power to allege dangerousness in the indictment; rather, it confers this authority in plain and unambiguous language. Section 13–604 provides in relevant part that "[t]he penalties prescribed by this section *shall* be substituted for the penalties otherwise authorized by law *if . . . the dangerous nature of the felony . . . is charged in the indictment* or information. . . ." A.R.S. § 13–604(K) (emphasis added). We now believe it clear that § 13–604(K)'s plain language authorizes the grand jury to allege dangerousness in the indictment. Thus, we hold that an allegation of dangerousness in a grand jury indictment, such as the citation to § 13–604 in the indictment here, is sufficient to invoke § 13–604's sentence enhancement provisions. *Birdsall* and *Barrett*, therefore, are overruled to the extent they are inconsistent with this opinion.[7]

## DISPOSITION

We affirm defendant's convictions on counts I and II, and his sentence on count II. We vacate the sentence on count I and remand this case to the trial court to resentence defendant as a nondangerous offender on that count. We vacate those portions of the court of appeals' memorandum decision that are inconsistent with this opinion.

FELDMAN, V.C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.

---

7. We are aware of two other cases that have cited *Birdsall* and/or *Barrett* with approval. To the extent they state that a grand jury allegation of dangerousness in an indictment is invalid to invoke § 13–604's sentence enhancement provisions, *State v. Littles*, 156 Ariz. 5, 9, 749 P.2d 914, 918 (1988), and *State v. Noriega*, 142 Ariz. 474, 483, 690 P.2d 775, 784 (1984), also are overruled.