IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,                   )
                                        )      2 CA-CR 2004-0139
                          Appellee,     )      DEPARTMENT B
                                        )
            v.                          )
                                        )      O P I N I O N
ROBERT MICHAEL HOLLENBACK,              )
                                        )
                          Appellant.    )
                                        )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20030930

Honorable Virginia C. Kelly, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Joseph L. Parkhurst                    Tucson
                                                   Attorneys for Appellee


Isabel G. Garcia, Pima County Legal Defender
  By Joy Athena                                                 Tucson
                                                   Attorneys for Appellant

E S P I N O S A, Presiding Judge.

¶1        Appellant Robert Hollenback was convicted after a jury trial of molestation of a child, sexual conduct with a minor, and luring a minor for sexual exploitation. All three offenses were dangerous crimes against children, and the jury found that each of the two victims was under the age of twelve. Hollenback had one predicate felony conviction and

the court imposed a life sentence, followed by consecutive, presumptive prison terms totaling thirty-eight years. Hollenback contends the trial court erred in denying his motion for judgment of acquittal on the luring charge because A.R.S. § 13-3554 did not apply to his conduct. He also claims the court erred by utilizing a jury interrogatory on the age of the victims and by sentencing him to the mandatory term of life imprisonment under A.R.S. § 13-604.01(A). Finding no merit to any of these arguments, we affirm the convictions and sentences.

## Factual Background

¶2 We view the facts and any reasonable inferences therefrom in the light most favorable to sustaining the convictions. *State v. Henry*, 205 Ariz. 229, 68 P.3d 455 (App. 2003). In March 2003, Tucson police officers were called to a trailer park to investigate allegations of child molestation. Several children were subsequently interviewed, and two of them, J. and Z., stated that Hollenback had touched them in sexual ways; Z. also admitted having witnessed Hollenback touching J. Hollenback was arrested and charged with molestation of a child, sexual conduct with a minor under the age of fifteen, and luring a minor for sexual exploitation. He was convicted of all the charges and sentenced as noted above. This appeal followed.

## A.R.S. § 13-3554

¶3 Hollenback contends the trial court erroneously denied his motion for judgment of acquittal on the luring charge, pursuant to Rule 20, Ariz. R. Crim. P., 17 A.R.S., arguing § 13-3554 only applies to the production of pornographic material. The state responds that

2

the text of the statute is clear and it specifically proscribes Hollenback's conduct. We review the denial of a Rule 20 motion for an abuse of discretion. *State v. Carlos*, 199 Ariz. 273, 17 P.3d 118 (App. 2001). But we review *de novo* the interpretation of a statute. *See State v. Fell*, 203 Ariz. 186, 52 P.3d 218 (App. 2002).

¶4 Section 13-3554(A) provides: "A person commits luring a minor for sexual exploitation by offering or soliciting sexual conduct with another person knowing or having reason to know that the other person is a minor." Hollenback argues that "the offense requires some sort of intent to photograph or otherwise record a minor's image," citing the legislative findings relating to the harmful effects of child pornography and the exploitation of children, promulgated when Chapter 35.1, A.R.S., was enacted. Hollenback also points out that both the statute and its title contain the term "sexual exploitation"; thus, he maintains, to violate the statute requires an intent to commit sexual exploitation as set forth in A.R.S. § 13-3553, which defines that offense in terms of producing and distributing child pornography.[1]

---

[1]A.R.S. § 13-3553(A) provides:

> A. A person commits sexual exploitation of a minor by knowingly:
>
> 1. Recording, filming, photographing, developing or duplicating any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct.
>
> 2. Distributing, transporting, exhibiting, receiving, selling, purchasing, electronically transmitting, possessing or exchanging any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct.

¶5 When we construe a statute, we first consider its plain language. *See Fell.* Only when that language is not clear will we look to other sources, "such as the statute's context, history, subject matter, effects and consequences, spirit, and purpose." *Id*. ¶ 6. Section 13-3554 expressly prohibits requesting sexual conduct with a minor. Although the offense is titled "luring a minor for sexual exploitation," and the statutory text delineates the crime in those terms, the statute does not incorporate or refer to the provisions of § 13-3553; nor does it require that the offering or soliciting occur for the purpose of violating those provisions. The state argues that the use of the term "sexual exploitation" is not a sufficient reason to find the statute ambiguous when the prohibited conduct is plainly and clearly described. We agree. *See State v. Sepahi*, 206 Ariz. 321, ¶ 16, 78 P.3d 732, 735 (2003) ("[A] statute's language is the most reliable index of its meaning"). Moreover, as the state points out, "[t]he criminal act occurs whether or not it leads to sexual exploitation as defined in § 13-3553." Had the legislature intended to restrict the offense to conduct violating § 13-3553, it could easily have included language to that effect. *See Sepahi; see also State v. Brown*, 204 Ariz. 405, ¶ 28, 64 P.3d 847, 854 (App. 2003) (Howard, J., concurring) ("Had the legislature desired the facilitation portion of § 13-1805(I) to include a mens rea of intentionally, it most likely would have utilized precise language defined by statute."). We also note the heading of a statute is not part of the law and may only aid in clarifying ambiguity if such exists. *See State v. Hauser*, 209 Ariz. 539, 105 P.3d 1158 (2005); *State v. Barnett*, 142 Ariz. 592, 691 P.2d 683 (1984); *see also* A.R.S. § 1-212 (headings not part of the law, but merely for reference purposes). Finding no ambiguity in the text of

§ 13-3554, we see no reason to limit it in the way Hollenback suggests when the legislature did not. *Sepahi*; *Brown*.

¶6 Hollenback argues, however, that solicitation for sexual conduct is already prohibited by A.R.S. §§ 13-1002 and 13-1405(A), and therefore § 13-3554 cannot also have been intended to prohibit such conduct. Section 13-1002 is the general solicitation statute applicable to any Arizona crime,[2] and § 13-1405(A) prohibits defined sexual conduct with a minor. But § 13-3554 is a more specific statute that expressly prohibits "offering or soliciting sexual conduct with another person knowing or having reason to know that the other person is a minor," and provides for sentencing under A.R.S. § 13-604.01, the dangerous crimes against children statute, when the victim is under the age of fifteen. *See Calik v. Kongable*, 195 Ariz. 496, 990 P.2d 1055 (1999) (specific statute governs over more general one).

¶7 Furthermore, although both § 13-3554 and the combination of §§ 13-1002 and 13-1405(A) prohibit the solicitation of "sexual conduct" from a minor, the definition of sexual conduct that applies to § 13-3554 is a broad one that includes simulated intercourse, oral sexual contact, and other sexual acts "for the purpose of sexual stimulation of the

---

[2]Section 13-1002(A) provides:

> A person . . . commits solicitation if, with the intent to promote or facilitate the commission of a felony or misdemeanor, such person commands, encourages, requests or solicits another person to engage in specific conduct which would constitute the felony or misdemeanor or which would establish the other's complicity in its commission.

5

viewer." A.R.S. § 13-3551(9). Such acts are not included in the definitions of "sexual conduct" and "oral sexual contact," which apply to § 13-1405, and no simulated conduct is prohibited by that statute. *See* A.R.S. § 13-1401(3), (1). Accordingly, although Hollenback insists that luring "does not entail mere solicitation for sexual conduct," the language of § 13-3554 plainly prohibits just that, while covering additional types of offering or requesting conduct not prohibited by the combination of §§ 13-1002 and 13-1405.

¶8        One of Hollenback's victims, Z., who was eight at the time of the offenses, testified that Hollenback had asked him repeatedly on multiple occasions to participate in oral sex. Thus, substantial evidence supported this charge, and the trial court did not err in denying the Rule 20 motion.[3] *See Carlos*.

### Sentence Enhancement

¶9        Hollenback next contends the trial court erred by enhancing his sentence as a result of responses to interrogatories submitted to the jury as part of the verdict forms. The forms asked the jury to determine whether the state had proven the victims were less than twelve years of age. Hollenback argues he had no notice the state intended to seek an enhanced penalty applicable to offenses against victims that young because his indictment charged offenses against minors under fifteen years of age.[4] He concedes his indictment

---

[3]Because this evidence was properly admitted, we do not address Hollenback's claim that it so "tainted" his conviction on the other counts that a new trial is required on those convictions, particularly when Hollenback never made this argument or requested a new trial below.

[4]We note that the only charge with an enhanced penalty for a victim under twelve years of age was count two, sexual conduct with a minor.

6

included citations to § 13-604.01, but counters that those references "did not place [him] on notice that [the state] sought the enhanced sentencing penalties under [the statute] for minors under 12." We review a trial court's sentencing decisions for an abuse of discretion. *See State v. Ward*, 200 Ariz. 387, 26 P.3d 1158 (App. 2001).

¶10 Hollenback's reliance on *State v. Guytan*, 192 Ariz. 514, 968 P.2d 587 (App. 1998), to support his lack of notice argument is misplaced. *Guytan* involved a defendant who had been charged with aggravated assault, among other offenses. Nine days after the jury had been impaneled, the trial court permitted the state to amend the indictment to allege gang motivation as a potential sentence enhancement. Division One of this court held that permitting the amendment was improper because the request to amend had been untimely under Rule 16.1, Ariz. R. Crim. P., 16A A.R.S., and Guytan had not received the required notice that the state would seek enhanced sentences. Here, the state separately alleged each offense was a dangerous crime against children and each count of the indictment included a reference to § 13-604.01, the dangerous crimes against children statute, which provides an enhanced penalty when a defendant is convicted of sexual conduct with a minor twelve years of age or younger.

¶11 Our supreme court has held that a "reference in the indictment to the number of the statute providing for enhanced punishment . . . is adequate notice of the state's intent to enhance [the defendant's] sentence under that statute." *State v. Waggoner*, 144 Ariz. 237, 239, 697 P.2d 320, 322 (1985); *see also State v. Barrett*, 132 Ariz. 88, 89, 644 P.2d 242, 243 (1982) ("Th[e] recital of A.R.S. § 13-604 [in the information] was sufficient to put

7

[defendant] on notice that the prosecutor would seek an enhanced sentence."), *overruled on other grounds by State v. Burge*, 167 Ariz. 25, 804 P.2d 754 (1990). The trial court did not err when it sentenced Hollenback based on the jury's finding that the victim was less than twelve years of age.

## A.R.S. § 13-702

¶12 Hollenback next argues the trial court committed fundamental error by sentencing him for sexual conduct with a minor under § 13-604.01 instead of A.R.S. § 13-702.02. The state contends Hollenback was sentenced appropriately and points out his failure to raise his objection below. The record confirms he did not object when the trial court referred to §13-604.01 as the sentencing provision for each count; he has therefore waived all but fundamental error review.[5] *See State v. Bass*, 198 Ariz. 571, 12 P.3d 796 (2000); *State v. Gendron*, 168 Ariz. 153, 812 P.2d 626 (1991). The imposition of an illegal sentence is fundamental error. *State v. Thues*, 203 Ariz. 339, 54 P.3d 368 (App. 2002). Whether the trial court applied the correct sentencing statute is a question of law, which we review *de novo*. *See State v. Virgo*, 190 Ariz. 349, 947 P.2d 923 (App. 1997).

¶13 Hollenback maintains he should have been sentenced under § 13-702.02 because the state had filed an allegation that his crimes were not committed on the same occasion, and the offenses were consolidated for trial. Hollenback argues § 13-702.02 is

---

[5]"Defendants who fail to object to error at trial do not, strictly speaking, 'waive' their claims. Rather, defendants who fail to object to an error below forfeit the right to obtain appellate relief unless they prove that fundamental error occurred." *State v. Martinez*, 210 Ariz. 578, n.2, 115 P.3d 618, 626 n.2 (2005).

controlling whenever offenses are consolidated for trial and thus, sentencing him under that statute was mandatory, rather than sentencing him under § 13-604.01, which he asserts is permissive. We disagree. The three statutes Hollenback was convicted of violating, §§ 13-1405, 13-1410, and 13-3554, all expressly provide that, if an offense is committed against a victim under fifteen years of age, it is punishable as a dangerous crime against children pursuant to § 13-604.01.[6] When the victim is older than fifteen, the statutes are silent and the general sentencing scheme would apply.

¶14 The legislative intent of the statute, to protect children's "interests," *see Villareal v. State Department of Transportation*, 160 Ariz. 474, 774 P.2d 213 (1989), is borne out by the language mandating that sexual offenders who commit crimes against children be sentenced pursuant to the dangerous crimes against children sentencing scheme, which provides more severe penalties. *See* § 13-604.01(K) (multiple sentences imposed pursuant to dangerous crimes against children statute generally must be served consecutively). Had the legislature intended sentencing for such crimes against children to occur under the more general statute, § 13-702.02, it would not have specifically provided otherwise in §§ 13-1405, 13-1410, and 13-3554.

¶15 Based on the specific language of those statutes, and the goal of the sentencing scheme embodied in § 13-604.01, it is clear the legislature desired that sentencing pursuant

---

[6]Under Hollenback's theory that his crimes were "non-dangerous offenses" and therefore, subject to § 13-702.02, his sentence for sexual conduct with a minor would have been between four and ten years, with a five-year presumptive term. He has not similarly challenged his sentences for luring or molestation.

to §13-604.01 take precedence over § 13-702.02. *Cf. State v. Kinslow*, 165 Ariz. 503, 799 P.2d 844 (1990) (statute applicable to kidnapping child under fifteen years of age required court to sentence defendant pursuant to dangerous crimes against children statute); *State v. Rushton*, 172 Ariz. 454, 837 P.2d 1189 (App. 1992) (illegal sentence where plea agreement permitted attempted child molestation defendant to be sentenced under § 13-701 instead of mandatory provisions of § 13-604.01). That the indictment referred to both § 13-702.02 and § 13-604.01 is of no moment in light of the fact that the trial court applied the correct sentencing scheme.

## Life Sentence

¶16 Hollenback next challenges the life term of imprisonment imposed under § 13-604.01(A), arguing the trial court should have instead sentenced him under § 13-604.01(B) because his conduct "could have been exempt" under the "vague" exemption for "masturbatory contact" in subsection (A). Hollenback posits that "assuming [he] had oral sexual contact with [Z.]'s penis, it could have been masturbatory contact as to [Z.]" and to hold otherwise could result in "sentencing anomalies." To the extent we understand this novel argument, we review *de novo* the question whether the trial court applied the correct subsection of § 13-604.01. *See Virgo*.

¶17 Section 13-604.01(A) provides:

> A person who is at least eighteen years of age and who stands convicted of a dangerous crime against children in the first degree involving . . . sexual conduct with a minor who is twelve years of age or younger shall be sentenced to life imprisonment and is not eligible for suspension of sentence, probation, pardon or release from confinement on any basis except as specifically

authorized by § 31-233, subsection A or B until the person has served thirty-five years or the sentence is commuted. This subsection does not apply to masturbatory contact.

Thus, unless Hollenback's conduct was "masturbatory contact," he was properly sentenced to life without the possibility of release for thirty-five years under subsection (A).

¶18        Section 13-604.01(A) applies to an adult defendant convicted of sexual conduct with a minor twelve years of age or younger, but it excludes from its scope masturbatory contact.  Section 13-1405(A) defines sexual conduct as "sexual intercourse or oral sexual contact" with the minor.  Section 13-1401 defines sexual intercourse as:  "penetration into the penis, vulva or anus by any part of the body or by any object or masturbatory contact with the penis or vulva."  It also defines oral sexual contact as:  "oral contact with the penis, vulva or anus," without mentioning masturbatory contact.  We conclude therefore that the legislature intended the exception for masturbatory contact in § 13-604.01 to refer to the definition of sexual intercourse, which contains a reference to masturbatory contact, rather than the definition of oral sexual contact, which contains no such reference.  In this case, the evidence showed that Hollenback had performed oral sex on Z.  That act was plainly within the definition of oral sexual contact in § 13-1401(1), and thus, is included in § 13-1405(A) as a basis for a conviction of sexual conduct with a minor.  *State v. Crane*, 166 Ariz. 3, 799 P.2d 1380 (App. 1991), cited by Hollenback, did not involve oral sexual contact and is therefore inapposite.  Because Hollenback was convicted of sexual conduct with a minor less than twelve years old based on oral sexual contact, the life sentence mandated by § 13-604.01(A) was properly imposed.

11

**Disposition**

¶19        Hollenback's convictions and sentences are affirmed.

_____
                              PHILIP G. ESPINOSA, Presiding Judge

CONCURRING:


_____
WILLIAM E. DRUKE, Judge*



_____
JOSEPH W. HOWARD, Judge

*A retired judge of the Arizona Court of Appeals authorized and assigned to sit as a judge on the Court of Appeals, Division Two, pursuant to Arizona Supreme Court Order filed October 7, 2005.