NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE of ARIZONA, *Appellee,*

*v.*

JAY GENE LEE, *Appellant.*

No. 1 CA-CR 18-0637
FILED 6-4-2019

Appeal from the Superior Court in Coconino County
No. S0300CR201800072
The Honorable Cathleen Brown Nichols, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Vice-Chief Judge Peter B. Swann and Judge Kenton D. Jones joined.

_____

**M c M U R D I E**, Judge:

**¶1**　　　　Jay Gene Lee appeals his conviction and sentence for one count of aggravated driving under the influence ("DUI"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　The State charged Lee with one count of aggravated DUI for driving while in actual physical control of a vehicle while under the influence of drugs and on a suspended license ("Count One") and with one count of aggravated DUI for driving while there was a drug or its metabolite in his body and on a suspended license ("Count Two"), both class 4 felonies. The State later moved to amend the indictment to include allegations of the following historical prior felony convictions:

1. Endangerment, a class 6 felony, committed on or about October 13, 2009; and

2. Solicitation to Commit Shoplifting, a class 6 felony, occurring on or about September 11, 2015.

**¶3**　　　　Lee objected to the motion to amend. He argued his prior conviction for endangerment was not a historical prior felony conviction because he committed that offense more than five years before the offense date of the pending aggravated DUI charges. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-105(22)(c) ("[a]ny class 4, 5 or 6 felony, except the offenses listed in subdivision (a) of this paragraph, that was committed within the five years immediately preceding the date of the present offense" is a historical prior felony conviction). The State countered that Lee had two aggravated DUI convictions from 2003 and 2004, thereby making Lee's endangerment conviction his third felony conviction and a historical prior felony conviction. *See* A.R.S. § 13-105(22)(d) ("[a]ny felony conviction that is a third or more prior felony conviction" is a historical prior felony conviction). The motion to amend did not reference the aggravated DUI priors.

¶4        At a hearing on the motion to amend, the State argued it was not required to allege its theory or how it would prove each conviction constituted a historical prior, but rather, that it only had to provide notice it sought to enhance Lee's sentence with prior convictions. The State also noted it had disclosed its intent to use all four convictions at trial in other filings.

¶5        The superior court denied the State's motion to amend the indictment regarding the allegation of Lee's prior endangerment conviction because the date of the offense was outside A.R.S. § 13-105(22)(c)'s five-year period. The State then petitioned this court for special action relief. We granted relief, explaining that Lee had sufficient notice that the State intended to enhance his sentence and the State did not need to inform Lee within the indictment of the theory by which it would prove the prior convictions.

¶6        After a three-day trial, the jury convicted Lee on Count Two as charged, and for driving on a suspended license, a class 1 misdemeanor and lesser-included offense of Count One. At sentencing, the State admitted certified copies of Lee's motor vehicle record and certified copies of Lee's prior convictions for the 2003 and 2004 aggravated DUIs, endangerment, and solicitation. The superior court found the State did not prove by clear and convincing evidence Lee's prior endangerment conviction because the cause number for that offense listed in the certified document did not match the motor vehicle record. The court did find the State proved by clear and convincing evidence Lee's two prior aggravated DUI convictions, and Lee admitted to the previous solicitation conviction.[1]

¶7        Based upon Lee's three prior historical felony convictions, the superior court sentenced him as a category three repetitive offender. *See* A.R.S. § 13-703(C). Lee again objected at sentencing to the 2003 and 2004 aggravated DUIs being used as historical prior felony convictions, but the superior court overruled the objection. The court sentenced Lee to the minimum term of 8 years' imprisonment, plus two years for committing a

---

[1]        We note the superior court's sentencing order found Lee was previously convicted of endangerment, not solicitation. "When a discrepancy between the trial court's oral pronouncement of a sentence and the written minute entry can be clearly resolved by looking at the record, the '[o]ral pronouncement in open court controls over the minute entry.'" *State v. Ovante*, 231 Ariz. 180, 188, ¶ 38 (2013) (quoting *State v. Whitney*, 159 Ariz. 476, 487 (1989)) (alteration in original).

felony while on felony release, for Count Two. Lee was awarded 324 days' presentence incarceration credit and sentenced to time served on Count One. Lee timely appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶8   Lee argues the superior court erred by sentencing him as a category three repetitive offender. He contends that because the State failed to allege the 2003 and 2004 aggravated DUI convictions in its motion to amend the indictment, those convictions could not be used as historical prior felony convictions.[2]

¶9   "[A] person shall be sentenced as a category three repetitive offender if the person is at least eighteen years of age . . . and stands convicted of a felony and has two or more historical prior felony convictions." A.R.S. § 13-703(C). "Historical prior felony conviction" means:

> (a)(iv) Any prior felony conviction for which the offense of conviction . . . [i]nvolved aggravated driving under the influence of intoxicating liquor or drugs.

>      *   *   *

> (c) Any class 4, 5 or 6 felony, except the offenses listed in subdivision (a) of this paragraph, that was committed within the five years immediately preceding the date of the present offense.

> (d) Any felony conviction that is a third or more prior felony conviction.

A.R.S. § 13-105(22).

¶10   To enhance a sentence as a repetitive offender, the State must allege a prior conviction, and the defendant must admit the prior conviction or be found by the court. A.R.S. § 13-703(N) (the State can allege a prior conviction any time before trial, although the superior court can preclude the allegation if it was filed less than 20 days before trial and the defendant is prejudiced by the late filing). Reference to a statute in an indictment is

---

2   Lee raises no issues regarding his conviction or sentence for driving while on a suspended license.

sufficient to put a defendant on notice the State intends to seek an enhanced sentence. *See State v. Waggoner*, 144 Ariz. 237, 239 (1985) (citing *State v. Barrett*, 132 Ariz. 88, 89 (1982) (State's reference in information to A.R.S. § 13-703's predecessor statute was sufficient to put the defendant on notice the State sought an enhanced sentence), *overruled on other grounds by State v. Burge*, 167 Ariz. 25, 28 (1990)); *see also State v. Benak*, 199 Ariz. 333, 337, ¶ 16 (App. 2001) ("In some cases, reference in the indictment or information to the statute under which the enhancement is authorized may constitute sufficient notice.").

¶11        The State's motion to amend the indictment referenced A.R.S. § 13-703 and alleged Lee's prior convictions for solicitation and endangerment. Although the superior court found the State did not prove the endangerment conviction by clear and convincing evidence, it did find the State proved Lee's 2003 and 2004 aggravated DUI convictions by clear and convincing evidence. *See State v. Cons*, 208 Ariz. 409, 415, ¶ 15 (App. 2004) ("[P]rior convictions for sentence enhancement purposes must be established by clear and convincing evidence."). The State did not move to amend the indictment a second time, but a charge is "deemed amended to conform to the evidence admitted during any court proceeding." Ariz. R. Crim. P. 13.5(b); *State v. Buccheri-Bianca*, 233 Ariz. 324, 329, ¶ 17 (App. 2013). An indictment may be amended to "correct mistakes of fact or remedy formal or technical defects." *Buccheri-Bianca*, 233 Ariz. at 329, ¶ 17 (quoting Ariz. R. Crim. P. 13.5(b)). "A defect may be considered formal or technical when its amendment does not operate to change the nature of the offense charged or to prejudice the defendant in any way." *State v. Bruce*, 125 Ariz. 421, 423 (1980).

¶12        In this case, the State's motion to amend sought to charge Lee as a category three repetitive offender based upon Lee's history of prior felony convictions. To prove Lee's endangerment conviction was a historical prior felony conviction, the State necessarily had to prove Lee's prior aggravated DUI convictions. *See* A.R.S. § 13-105(22)(d). And the State did so by using a certified copy of the convictions to establish Lee was the person convicted of the crimes. *See Cons*, 208 Ariz. at 415, ¶ 16 (describing the "proper procedure" for establishing a prior conviction). Thus, the "amendment" at sentencing did not alter the charge Lee faced, and it did not prejudice Lee or alter his defense. *See Buccheri-Bianca*, 233 Ariz. at 330, ¶¶ 20–22 (considering whether defendant's defense strategy was effected when determining whether he was prejudiced by an amendment during the trial to counts in the indictment).

¶13 Lee also does not dispute he had notice of the State's intent to seek an enhanced sentence or that he was aware of all four prior felony convictions. Adequate notice of an allegation of a previous conviction requires the defendant not be "misled, surprised or deceived in any way by the allegations." *State v. Bayliss*, 146 Ariz. 218, 219 (App. 1985). "Pretrial notice enables a defendant to know the full range of potential punishment he faces upon conviction; fundamental fairness and due process require that allegations that would enhance a sentence be made before trial so that the defendant can evaluate his options." *Benak*, 199 Ariz. at 336–37, ¶ 14. The supreme court has stated that "a defendant is not prejudiced by noncompliance with [A.R.S. § 13-703(N)] provided he is on notice before trial that the prosecution intends to seek the enhanced punishment provisions of the statute." *State v. Williams*, 144 Ariz. 433, 442 (1985) (defendant not prejudiced by post-verdict amendment substituting one prior felony conviction for a previously alleged prior conviction); *see also State v. Sammons*, 156 Ariz. 51, 54 (1988) (superior court properly denied post-verdict amendment alleging defendant was on parole on a different case from a different county from that alleged before trial where State did not show "defendant had notice, independent from the indictment and the supplemental allegations, that the state intended to prove a different parole").

¶14 The State's motion to amend the indictment informed Lee it intended to prove Lee had two historical prior felony convictions. The State also alleged all four felony convictions as aggravating factors in a separate motion filed the same day as its motion to amend. The State explained on at least three occasions—in its reply in support of the motion to amend, at the hearing on the motion to amend, and in its petition for special action—that it would prove Lee's endangerment conviction was a historical prior felony conviction by proving it was his third felony conviction following the 2003 and 2004 aggravated DUI convictions.

¶15 The record establishes Lee was not misled, surprised, or deceived by the use of his 2003 and 2004 aggravated DUIs as historical prior felony convictions, *see Bayliss*, 146 Ariz. at 219, and he had notice of the potential sentence he faced, *see Benak*, 199 Ariz. at 336–37, ¶ 14. The superior court did not err by considering Lee's prior aggravated DUI felonies as

historical prior felony convictions or by sentencing him as a category three repetitive offender.[3]

## CONCLUSION

**¶16** For the foregoing reasons, we affirm Lee's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED:        JT

---

[3] Even if we were to find error, it would be harmless beyond a reasonable doubt. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005). If an appellate court finds a defendant did not have adequate notice of a prior felony conviction used to enhance the defendant's sentence, the remedy is to remand for resentencing and the opportunity to defend against the use of the conviction. *See Benak*, 199 Ariz. at 337–38, ¶¶ 18–19. Lee had the conviction documents before sentencing and the opportunity to defend against them. So any error regarding the notice provided is harmless.