624 P.2d 294

STATE of Arizona, Appellee/Cross Appellant,

v.

Mark Anthony PARKER, Appellant/Cross Appellee.

No. 5080–PR.

Supreme Court of Arizona, In Banc.

Jan. 26, 1981.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, Diane M. Ramsey, Asst. Attys. Gen., Phoenix, Stephen D. Neely, Pima County Atty., by Paul S. Banales, Deputy County Atty., Tucson, for appellee/cross appellant.

Richard C. Henry, Tucson, for appellant/cross appellee.

HOLOHAN, Vice Chief Justice.

Mark Anthony Parker was indicted on a charge of manslaughter, but he was convicted after a trial by jury of negligent homicide. He appealed and the court of appeals affirmed the conviction. *State v. Parker,* 128 Ariz. 107, 624 P.2d 304 (App. 1981) (1980). We granted appellant's petition for review.

The facts developed at trial were that the defendant fired a .22 calibre rifle at a porch light on a residence in the city of Tucson Instead of hitting the porch light, the shot went low and through the front door of the apartment striking and killing a six-month old baby lying on a couch in the apartment.

The defendant was indicted on a charge of manslaughter. After the indictment was returned, the prosecution added an allegation concerning the dangerous nature of the

offense charged. The added allegation stated that the commission of the offense involved the use of a deadly weapon or dangerous instrument, "to wit: Winchester .22 calibre semi-automatic rifle." Over appellant's objection, the trial court ruled that if the jury returned a guilty verdict, the court would decide the allegation of dangerousness.

The trial proceeded before a jury. At the close of all evidence, the appellant moved for a directed verdict of acquittal on the charge of manslaughter. The state responded by moving to amend the indictment to allege negligent homicide. The trial court granted the state's motion.

The amended charge was submitted to the jury, and they found the defendant guilty of negligent homicide. The trial court refused over the objection of the defense to submit the allegation of the dangerous nature of the offense to the jury.

A number of issues were raised by the defendant in his appeal. We believe that all his issues except one have been answered adequately in the opinion of the court of appeals. This court accepted review to determine whether the allegation of the dangerous nature of a felony must be submitted to the jury.

The statute at issue states:

"§ 13–604 Dangerous and repetitive offenders

.        .        .        .        .

K. The penalties prescribed by this section shall be substituted for the penalties otherwise authorized by law if the previous conviction or the dangerous nature of the felony is charged in the indictment or information and admitted or found by the trier of fact. The court in its discretion may allow the allegation of a prior conviction or the dangerous nature of the felony at any time prior to trial .... For the purposes of this subsection, 'Dangerous nature of the felony' means a felony involving the use or exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury upon another."

The defendant contends that the trial court erred when it refused to submit the issue of the allegation of the dangerous nature of the felony to the jury. We agree.

The pertinent language in subsection K provides for the additional penalties if "the dangerous nature of the offense is ... admitted or found by the trier of fact."

In *State v. Martinez*, 127 Ariz. 444, 622 P.2d 3 (1980), we noted in passing that the higher range of punishment would be employed if the dangerous nature of the felony was alleged in the indictment and found to exist by the trier of fact.

Our decision in *State v. Tresize*, 127 Ariz. 571, 623 P.2d 1 (1980), is not in conflict with *State v. Martinez, supra,* or the statute at issue. In *Tresize,* the defendant was charged by indictment with a count for armed robbery which specifically alleged that a pistol was used in the commission of the offense. The robbery count stated in pertinent part: "JACK LOUIS TRESIZE'S taking or retaining the property while an accomplice was armed with a deadly weapon or used or threatened to use a deadly weapon or dangerous instrument, a pistol ...." Also, at the close of the trial, the trial judge instructed the jury that the crime of armed robbery required proof of two elements: first, the defendant committed a robbery, and second, the defendant or an accomplice was armed with a deadly weapon or used or threatened to use a dangerous instrument. The trial judge also defined a deadly weapon to include a firearm.

In *Tresize,* the jury found the defendant guilty of armed robbery. In order to return the verdict of guilty, it was necessary that the jury conclude that the offense was a dangerous offense involving the use of a deadly weapon. We held that where the jury necessarily decided the allegation of dangerousness in returning a guilty verdict on the charge, there need not be a separate factual finding as to the allegation of dangerousness.

The present case is distinguishable from the *Tresize* decision. Here, the defendant was originally charged with manslaughter. The indictment merely alleged the offense in general terms without reference to use of a deadly weapon. The amended charge of negligent homicide was also alleged in general terms without reference to the use of a deadly weapon.

At the close of the trial, the trial judge instructed the jury on the elements necessary to support a conviction of negligent homicide. The use of a deadly weapon or dangerous instrument was not presented to the jury as an element of the case.

Unlike the situation in *Tresize*, a finding of guilt as to the charge of negligent homicide in the present case did not also include a finding that the offense involved the use of a dangerous instrument or a deadly weapon. The fact that the proof showed the use of a weapon does not satisfy the statutory requirement that the element of the dangerous nature of the felony be *charged* and be *found* to exist by the trier of fact.

To summarize, we hold that A.R.S. § 13–604(K) requires a specific finding by the trier of fact that the dangerous nature of the felony has been proved. The finding of the dangerous nature of the felony must be submitted to the jury for a separate finding unless an element of the offense charged contains an allegation and requires proof of the dangerous nature of the felony.

It was necessary in this case that the jury, as the trier of fact, make a separate specific finding on the allegation of dangerousness. The trial court erred in refusing to submit the issue to the jury. The allegation of the dangerous nature of the felony was not established as required by statute, so the defendant must be resentenced.

That portion of the opinion of the court of appeals affirming the sentence of the defendant is vacated. The judgment of conviction by the superior court is affirmed, but the sentence is set aside, and the case is remanded to the superior court for resentencing.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.