NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TONY MONTANO, *Appellant.*

No. 1 CA-CR 14-0060
FILED 2-24-2015

Appeal from the Superior Court in Maricopa County
No. CR2012-146846-001
The Honorable M. Scott McCoy, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Chandler
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

**G O U L D**, Judge:

¶1         Tony Leo Montano ("Montano") appeals from his convictions and sentences for one count of aggravated assault, a class three dangerous felony; one count of assisting a criminal street gang, a class three dangerous felony; one count of threatening or intimidating, a class six dangerous felony; one count of threatening or intimidating, a class three felony; and one count of drive-by shooting, a class two dangerous felony. Montano's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal. Montano was granted leave to file a supplemental brief *in propria persona*, but did not do so.

¶2         Our obligation in this appeal is to review "the entire record for reversible error." *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2015).[1] Finding no reversible error, we affirm as modified.

## FACTS AND PROCEDURAL HISTORY[2]

¶3         On September 2, 2012, Montano ordered a drive-by shooting on his daughter's boyfriend ("PR"), resulting in gunshot wounds to PR's face and lower back. The incident began when PR, driving with his son and nephew, recognized Montano walking along the street. PR got out of his truck and confronted Montano about looking for Montano's daughter at PR's parent's home. Montano responded aggressively. Montano mentioned his relation to a street gang, called PR a "snitch," and instructed PR to "wait here" because he had "something" for him. In response, PR got

---

[1]        Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2]        We view the evidence in the light most favorable to sustaining the convictions and resulting sentences. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

back into the truck and continued to his destination a few blocks down the street.

¶4        As PR exited the vehicle, he noticed Montano a short distance away walking towards him on a cell phone. Within minutes, a black car came speeding around the corner. Montano pointed at PR and repeatedly shouted "shoot [him]!" Once in range, a gun was positioned outside of the car's sun roof and PR was shot in the face and lower back. Montano got into the car and sped away.

¶5        Officers picked up Montano on September 4, 2013, after noticing his attempts to dodge officer attention. Montano was indicted on one count of aggravated assault, a class three dangerous felony; one count of assisting a criminal street gang, a class three dangerous felony; one count of threatening or intimidating, a class six dangerous felony; one count of threatening or intimidating, a class six felony; and one count of drive-by shooting, a class two dangerous felony. Montano went to trial, where a jury found Montano guilty of each count.

¶6        After receiving the jury's findings, the State elected to proceed against the defendant as a repetitive offender instead of a dangerous offender. The State alleged Montano's six historical prior felony convictions for the purpose of enhancing and aggravating Montano's sentence. Montano admitted to these felonies at sentencing. The State also alleged a number of A.R.S. § 13-701 aggravating factors.

¶7        The court sentenced Montano to a term of sixteen years, greater than the presumptive, for each of the three class three felonies. For the class six felony, Montano received a term of four years, greater than the presumptive. The court sentenced Montano to a term of twenty-three years, greater than the presumptive, for the drive-by shooting, class two felony. The court ran the terms concurrently and Montano was given 500 days' presentence incarceration credit for each offense. The court also stated Montano was eligible for community supervision pursuant to A.R.S. § 13-603(I).

## DISCUSSION

¶8        We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the findings of guilt. Montano was present and represented by

counsel at all critical stages of the proceedings. At sentencing, Montano and his counsel were given an opportunity to speak.

I.    Sentencing

**¶9**        At sentencing, the court improperly determined that Montano was eligible for community supervision as to his prison terms. The State alleged, and Montano admitted, that he committed his offenses while on probation for another felony conviction. As a result, pursuant to A.R.S. § 13-708(A), Montano was required to serve flat-time sentences, as opposed to being eligible for release on community supervision. *See* A.R.S. § 41-1604.07(A). However, because the State has not filed an appeal or a cross-appeal on this issue, we do not have jurisdiction to address it. *State v. Dawson*, 164 Ariz. 278, 286 (1990).

**¶10**        Additionally, the court improperly designated Montano's conviction for threatening or intimidating as a dangerous nature offense. Unless an offense is inherently dangerous, an allegation of dangerousness must be found by a jury. *See State v. Larin*, 233 Ariz. 202, 212, ¶ 38 (App. 2013); Ariz. R. Crim. P. 19.1(b). To determine whether an offense is inherently dangerous, we look to the statutes that define the offense and define dangerousness. *Larin*, 233 Ariz. at 212, ¶ 38; *State v. Gatliff*, 209 Ariz. 362, 365, ¶ 13 (App. 2004). We also consider the indictment and whether "an element of the offense charged contains an allegation and requires proof" of dangerousness. *Larin*, 233 Ariz. at 212, ¶ 38; *State v. Parker*, 128 Ariz. 97, 98 (1981).

**¶11**        The offense of threatening or intimidating is defined by A.R.S. § 13-1202. This statute provides, as relevant to the crime charged here, that threatening or intimidating occurs when a person threatens or intimidates by word or conduct to cause physical injury to another person in retaliation for a victim's reporting criminal activity. Although the evidence shows that Montano committed the subject offense by using a deadly weapon, threatening or intimidating, as defined by the statute, may be committed without the use of a deadly weapon or dangerous instrument. As a result, Montano's charge of threatening or intimidating was not an inherently dangerous offense, and any allegation of dangerousness was required to be proved to the jury.

**¶12**        Here, the jury never decided whether Montano's conviction for threatening or intimidating was a dangerous nature offense. As a result, the trial court incorrectly designated Montano's offense a dangerous nature offense. However, this court has the authority under A.R.S. § 13-4036 and

A.R.S. § 13-4037 to modify Montano's conviction and sentence. *State v. Dixon*, 107 Ariz. 421 (1971). We, therefore, pursuant to A.R.S. § 13-4036, vacate the trial court's designation of Montano's conviction for threatening or intimidating as a dangerous offense.

**CONCLUSION**

**¶13** Counsel's obligations pertaining to Montano's representation in this appeal have ended. Counsel need do nothing more than inform Montano of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Montano shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama