NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHARLES WILSON COFFELT, *Appellant.*

No. 1 CA-CR 16-0272
FILED 3-16-2017

Appeal from the Superior Court in Mohave County
No.  S8015CR201500452
The Honorable Steven F. Conn, Judge

**CONVICTIONS AFFIRMED; SENTENCE VACATED
AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Elizabeth B.N. Garcia
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge James P. Beene joined.

---

**J O H N S E N**, Judge:

**¶1**        Charles Wilson Coffelt was convicted of possession of dangerous drugs for sale (methamphetamine), a Class 2 felony; possession of drug paraphernalia, a Class 6 felony; and possession of marijuana, a Class 6 felony.  On appeal, Coffelt challenges the sentence the superior court imposed on the methamphetamine conviction and argues the court committed fundamental error by failing to *sua sponte* recuse for cause.  For the following reasons, we affirm the convictions but vacate and remand the sentence.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        At sentencing, the State asked the court to sentence Coffelt under the standard range applicable to a Class 2 felony with one historical prior felony conviction pursuant to Arizona Revised Statutes ("A.R.S.") section 13-703(I) (2017), rather than under the methamphetamine sentencing statute, A.R.S. § 13-3407(E) (2017).[1]  As proof of the historical prior felony conviction, the State offered a certified copy of a judgment and sentencing order reflecting that Coffelt was convicted in 1991 of manslaughter, a Class 3 "non-dangerous felony," and unlawful imprisonment, a Class 6 non-dangerous felony, both committed on December 4, 1990.  The court also admitted a certified copy of the 1990 indictment and records from the Arizona Department of Corrections containing Coffelt's history of imprisonment, fingerprints and photograph.

**¶3**        Although the exhibits showed the manslaughter conviction to be a non-dangerous felony, based on its own recollection of the evidence at Coffelt's trial, 25 years earlier, the court ruled the prior conviction was a dangerous offense and sentenced Coffelt as a category-two offender pursuant to A.R.S. § 13-703(I) to a slightly mitigated nine-year term of

---

[1]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

imprisonment for possession of methamphetamine, to run concurrently with presumptive 1.5 year terms on the two other convictions.

¶4          We have jurisdiction of Coffelt's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2017), 13-4031 (2017) and -4033(A)(1) (2017).

## DISCUSSION

### A.    Reclassification of the Manslaughter Conviction as a Dangerous Offense.

¶5          The superior court sentenced Coffelt pursuant to A.R.S. § 13-703(B) as a category-two repetitive offender based on its conclusion that Coffelt had one historical prior felony conviction.  As noted above, the only prior conviction the State offered in evidence was for manslaughter, committed 25 years earlier.  That offense could constitute an historical prior felony only if it involved a dangerous offense.  *See* A.R.S. § 13-105(22)(a)(ii) (2017).

¶6          As noted, the minute entry in evidence at Coffelt's sentencing characterized the manslaughter conviction as non-dangerous. Nevertheless, the superior court judge in this case, who happened to have presided over Coffelt's 1991 trial, stated at the sentencing that he recalled the trial and the facts underlying the manslaughter conviction.  As the judge described it, Coffelt had been charged with first-degree murder based on evidence that he held "a gun to someone's head and [shot] him in the head." The jury in that case convicted Coffelt of manslaughter as a lesser-included offense, but was not asked to decide whether the offense was "dangerous." According to the judge, given the facts, the resulting non-dangerous characterization of the manslaughter conviction was "ridiculous on its face." Based on his recollection that the offense involved the discharge, use or threatening exhibition of a firearm, the judge ruled that the 1991 manslaughter was a dangerous offense under A.R.S. § 13-105(13), which constituted an historical prior felony conviction for sentencing purposes pursuant to A.R.S. 13-105(22)(a)(ii).

¶7          "A trial court's determination that a prior conviction constitutes an historical prior felony conviction for purposes of sentence enhancement involves a mixed question of law and fact" that this court reviews *de novo*.  *State v. Derello*, 199 Ariz. 435, 437, ¶ 8 (App. 2001).

¶8          "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable

doubt." *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). Under that principle, whether an offense is "dangerous" must be submitted to the jury "unless an element of the offense charged contains an allegation and requires proof of the dangerous nature of the felony." *State v. Joyner*, 215 Ariz. 134, 138, ¶ 9 (App. 2007) (quoting *State v. Parker*, 128 Ariz. 97, 99 (1981)); *see also State v. Brydges*, 134 Ariz. 59, 62 (App. 1982) (absent an admission from the defendant under Arizona Rule of Criminal Procedure 17.6 regarding the dangerous character of the offense, a separate finding from the jury is required). In deciding whether dangerousness is inherent in an offense, we "look to statutes defining [the] offense, the indictment, and 'whether "an element of the offense charged contains an allegation and requires proof" of dangerousness.'" *State v. Ortiz*, 238 Ariz. 329, 343, ¶ 64 (App. 2015) (quoting *State v. Larin*, 233 Ariz. 202, 213, ¶ 38 (App. 2013)).

¶9        In 1990, when Coffelt committed the offense, manslaughter was defined as:

> 1. *Recklessly causing the death of another person*; or 2. Committing second degree murder . . . upon a sudden quarrel or heat of passion resulting from adequate provocation by the victim; or 3. Intentionally aiding another to commit suicide; or 4. Committing second degree murder . . . while being coerced to do so by the use or threatened immediate use of unlawful deadly physical force upon such person or a third person which a reasonable person in his situation would have been unable to resist; or 5. Knowingly or recklessly causing the death of an unborn child at any stage of its development by any physical injury to the mother of such child which would be murder if the death of the mother had occurred.

A.R.S. § 13-1103(A) (1990) (emphasis added). At the same time, a dangerous felony was defined as "a felony involving the use or exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury upon another." A.R.S. § 13-604(K) (1990) (repealed 2008). The two statutes plainly were not congruent; that is, it was possible under the statutes to commit manslaughter without committing acts that would necessarily fall within the definition of a dangerous felony.[2] The indictment charging Coffelt in the 1990 offenses was in evidence at the

---

[2]        The analysis is the same under the 1991 unlawful imprisonment conviction; that crime was defined as "knowingly restraining another person." A.R.S. § 13-1303(A) (1990).

current sentencing, but it alleged no facts that were inherently dangerous, as the law defined that term.

¶10         The State does not dispute Coffelt's contention on appeal that the superior court erred by recharacterizing the 1991 manslaughter conviction as a dangerous offense based on the court's recollection of the facts of the prior proceeding and sentencing him as a category-two offender in the current matter.   At the time of the prior convictions, neither manslaughter nor unlawful imprisonment required proof of an element that would mandate a finding of dangerousness.   Accordingly, in the absence of a jury finding, the superior court erred by recharacterizing the manslaughter offense as a dangerous felony based on its recollection of the prior trial.

¶11         In the absence of an historical prior felony conviction, the standard sentencing statute applicable to the methamphetamine possession conviction was not A.R.S. § 13-703(B) but § 13-703(A):

> If a person is convicted of multiple felony offenses that were not committed on the same occasion but that either are consolidated for trial purposes or *are not historical prior felony convictions*, the person *shall be sentenced* as a first time felony offender pursuant to § 13-702 for the first offense, [and] *as a category one repetitive offender for the second offense*.

A.R.S. § 13-703(A) (emphasis added).   The presumptive sentence for a category-one repetitive offender convicted of a Class 2 felony is five years, with a minimum of four years and maximum of 12.5 years.   A.R.S. § 13-703(H).[3]

## B.      Recusal.

¶12         Coffelt also argues the superior court judge should have recused himself *sua sponte* because his impartiality reasonably could be questioned, given that he presided over Coffelt's 1991 trial.   Coffelt did not move for a change of judge for cause under Arizona Rule of Criminal Procedure 10.1.   Accordingly, in the absence of structural error, we review

---

[3]      In a footnote in the answering brief, the State asserts that on remand, the superior court could resentence Coffelt under any relevant statute, including the special methamphetamine statute, A.R.S. § 13-3407(E), even though the State chose not to argue in favor of that sentencing statute during the original sentencing.   Whether the State is bound by the position it took in the original sentencing is not an issue before us.

the decision of the superior court judge not to recuse himself *sua sponte* for fundamental, prejudicial error. *State v. Granados*, 235 Ariz. 321, 326, ¶ 13 (App. 2014) ("If a defendant fails to object on the basis of a trial judge's bias below by filing a motion and affidavit pursuant to Rule 10.1, he forfeits review for all but fundamental, prejudicial error."); *see also State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). To prevail under this standard of review, a defendant must establish both that fundamental error occurred and that the error caused him prejudice. *Henderson*, 201 Ariz. at 567, ¶ 20.

¶13 Fundamental error is error that "goes to the foundation of [a defendant's] case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial." *Id.* at 568, ¶ 24. Judges are presumed to be free of bias and prejudice, and a defendant attempting to rebut that presumption must prove by a preponderance of the evidence that the judge was biased or prejudiced. *State v. Ramsey*, 211 Ariz. 529, 541, ¶ 38 (App. 2005); *State v. Hurley*, 197 Ariz. 400, 404-05, ¶ 24 (App. 2000).

¶14 Coffelt's argument that the judge was biased is based on three grounds: (1) the judge's erroneous ruling that the 1991 conviction was a dangerous offense and therefore constituted an historical prior felony conviction, (2) the judge's "lengthy statements" during sentencing and (3) the judge's purported rejection of all mitigating factors. Regarding the first ground, adverse judicial rulings "almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Stagecoach Trails MHC, L.L.C. v. City of Benson*, 232 Ariz. 562, 568, ¶ 22 (App. 2013) ("[A] judge's legal conclusions, if erroneous, can be corrected in an appellate proceeding; they do not, standing alone, indicate bias."). Moreover, the full trial record reveals no bias by the judge against Coffelt; the judge granted several continuances Coffelt sought, waited to begin the second day of trial because Coffelt was late and sustained his objection to the police officer's testimony regarding the cause of his search of Coffelt's house. Accordingly, we are unpersuaded by Coffelt's argument that the sentencing ruling shows by a preponderance of the evidence that the judge was biased and prejudiced.

¶15 We likewise are unpersuaded that the superior court judge's statements about the 1991 trial demonstrated bias. Indeed, the record also contains a statement that indicates a lack of bias: "What's sad about this case is, these two defendants [Coffelt and his co-defendant] were the most cooperative meth dealers in history." In any event, the fact that a judge may have strong feelings on the merits of a cause is not enough to prove bias or

prejudice against the defendant.  *State v. Menard*, 135 Ariz. 385, 387 (App. 1982).

**¶16**		Nor do we see in the record any evidence that the superior court judge did not weigh any mitigating factor during sentencing.  The mitigation evidence was Coffelt's lesser involvement in the drug sales than his co-defendant.  To the contrary, the judge sentenced Coffelt to a slightly mitigated term of imprisonment of nine years based on a presumptive sentence of nine and a quarter years.  He also stated that the "mitigating factor in this case control[ed]."

**¶17**		The superior court judge did not commit error, fundamental or otherwise, when he did not *sua sponte* recuse himself.  Accordingly, we need not address whether the alleged error was fundamental and prejudicial.  *See State v. Alvarez*, 213 Ariz. 467, 473, ¶ 20 (App. 2006).

## CONCLUSION

**¶18**		For the foregoing reasons, we affirm the convictions but vacate the sentence imposed on the conviction of possession of methamphetamine and remand for re-sentencing.

